**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RODNEY STRAUGHN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:13-CV-708** |
| | § | |
| **TEXAS POWERTRAIN ASSEMBLY, LLC, and CATERPILLAR, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964, as amended to correct unlawful employment practices, on the basis of race (Black) and to provide appropriate relief to Rodney Straughn who was adversely affected by such practices.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

3. At all relevant times, Defendant Texas Powertrain Assembly LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

4. At all relevant times, Defendant Caterpillar, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

**PARTIES**

5. Plaintiff, Rodney Straughn, is currently a resident of San Antonio, Bexar County, Texas.

6. Defendant Texas Powertrain Assembly LLC (hereinafter "Defendant TPA" or TPA"), is a Domestic Corporation authorized to do business in the State of Texas and may be served by serving its Registered Agent for process: National Registered Agents, Inc. 250 N. St. Paul Street Suite 2900, Dallas, TX 75201-4234.

7. Defendant Caterpiller, Inc., (hereinafter "Defendant Caterpillar" or "Caterpillar"), is a Domestic Corporation authorized to do business in the State of Texas and may be served by serving its registered agent for process: CT Corporation System , 350 N. St. Paul St. STE. 2900, Dallas, TX 75201-4234.

**ADMINISTRATIVE REMEDIES EXHAUSTED**

8. More than thirty days prior to the institution of this lawsuit, Rodney Straughn filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by Texas Powertrain Assembly LLC. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. The Equal Employment Opportunity Commission received a timely charge filed by the Plaintiff on or about June 20, 2012, alleging that TPA created a racially hostile environment for the Plaintiff. Pursuant to Section 706 of Title VII, 42 U.S.C section 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that Plaintiff's allegations were true, and subsequently issued its *Determination*, dated November 11, 2012 and the *Notice of Right to Sue*, dated May 9, 2013.

10. More than thirty days prior to the institution of this lawsuit, Rodney Straughn filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by Caterpillar, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. The Equal Employment Opportunity Commission received a timely charge filed by the Plaintiff on or about May 13, 2013, alleging that the Defendant created a racially hostile environment for the Plaintiff. Pursuant to Section 706 of Title VII, 42 U.S.C section 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that Plaintiff's allegations were true, and subsequently issued its the *Dismissal and Notice of Right to Sue*, dated May 20, 2013.

**STATEMENT OF FACTS AND CLAIMS**

12. Plaintiff Rodney Straughn is an African American man.

13. Mr. Straughn began working at Defendant TPS's facilities in Seguin, Texas, as a forklift operator in June of 2011.

14. Mr. Straughn is informed and believes and thereon alleges that at some point during his employment Defendant TPS, Defendant Caterpillar either purchased or assumed management and control of Defendant TPS's Seguin facility.

15. Mr. Straughn alleges that during his employment with Defendants he has been continuously subjected to racial harassment and discrimination by other employees of the Defendants.

16. In October of 2011, Plaintiff's team leader ("Jeremy") became angry with Mr. Straughn. Jeremy then made a noose and hung it in Mr. Straughn's work area and told Mr. Straughn, "That's where we hang niggers." This event was witnessed by Defendants' employees on duty for the 1st Shift.

17. Mr. Straughn immediately reported the hateful and discriminatory act to his supervisor, David Patrick. Mr. Patrick to no action and only callously replied, "What do you want me to do about it?"

18. In March 2012 another of Defendants' employees ("Jason") and co-worker of Plaintiff confronted Plaintiff. Jason referred to Plaintiff as a "nigger" and a "bitch". Jason shouted to Mr. Straughn that, "I hate niggers." Jason then lunged at Mr. Straughn and yelled, "I am going to kill you nigger." Jason was restrained by another team leader. This event was also witnessed by numerous other employees.

19. Again, Mr. Straughn immediately reported Jason's hateful and threatening comments, this time to Defendants' Human Resources Department. A short time later Ron Burrell from Human Resources advised Mr. Straughn that no action would be taken against Jason because there were no witnesses corroborated the incident. Mr. Straughn contested and informed Mr. Burrell that the incident occurred in plain view and was witnessed by numerous employees.

20. In May and June of 2012 racist graffiti was written and publicly displayed in Mr. Straughn's work area and on the walls in the Defendants' restrooms. The publicly

displayed graffiti included a Nazi swastika and the letters "KKK" (referring to the Ku Klux Klan, the white supremacist group) with the words, "Kill The Nigger."

21. In June 2012 more hateful and discriminatory graffiti was displayed in the women's restroom with the words "Kill all Niggas" and "I hate black nigger monkeys, ha, ha."

22. These instances of the publicly displayed graffiti were witnessed by numerous employees. Yet, no affirmative action was taken by Defendants to prevent future hateful and discriminatory acts.

23. On the other hand, one supervisor jokingly stated he hoped the cameras didn't catch him going into the bathroom to write the graffiti. Plaintiff is informed and believes and thereon alleges that this comment was overheard by numerous employees including one member of Defendants' Human Resources Department.

24. On June 20, 2012, Mr. Straughn filed his first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

25. Shortly thereafter Defendants questioned Mr. Straughn regarding his filing of the Charge of Discrimination.

26. On or about May 10, 2013 another of Defendants' employees called Mr. Staughn by a racially derogatory name.

27. On May 13, 2013, Mr. Straughn filed his second Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

28. Plaintiff asserts, therefore, that he was subjected to unlawful discrimination by Defendants on the basis of his race (Black) and that he was subjected to a hostile work

environment on the basis of his race all in violation of Section 703(a) of Title VII, 42 U.S.C. section 2000e-2(a) Section 102(a).

29. The effect of the practices complained of as stated above has been to deprive Mr. Straughn of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his race and because he previously complained about the discrimination directed toward him, i.e., because of his participation in a protected activity.

30. Plaintiff alleges that these practices by Defendants have caused him great emotional distress and mental anguish.

31. Plaintiff further asserts that the unlawful employment practices by Defendants complained of herein were intentional and purposeful.

32. Plaintiff further asserts that the unlawful employment practices by Defendants complained by Plaintiff were done so with malice or reckless indifference to him and his federally protected civil rights.

33. Over the course his employment Mr. Straughn had proved himself to be a good and dedicated worker. Mr. Straughn had no work performance issues and no disciplinary actions in his file. Despite this Defendants subjected him to ongoing harassment and a hostile work environment. Accordingly, he applied on multiple occasions for a promotion to the position of team leader. Despite being well qualified for the position he was rejected each time he applied.

34. Mr. Straughn asserts that there is a connection between the fact that he is African-American and Defendants' decision to not promote him.

35. Furthermore, Mr. Straughn has been subjected to repeated instances of racial harassment during his employment with defendants that were both severe individually

and pervasive over the time he has worked for the Defendants. No reasonable person would believe that the racial harassment Mr. Straughn was subjected to was appropriate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

1. Order the Defendants Texas Powertrain Systems, LLC, and Caterpillar Inc, to make whole Rodney Straughn, by providing appropriate back pay with prejudgment interest, in the amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

2. Order the Defendants Texas Powertrain Systems LLC., and Caterpillar Inc. to make whole Rodney Straughn by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, mental anguish, emotional pain, suffering, loss of enjoyment of life, and humiliation in amounts to be determined at trial;

3. Order the Defendants Texas Powertrain Systems LLC, and Caterpillar, Inc. to pay Rodney Straughn exemplary damages to deter such cruel and undignified procedures by Defendant, as described above, in amounts to be determined at trial;

4. Award attorneys fees for Plaintiff in this action; and

5. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

DAVIS LAW FIRM
5710 IH 10 West

San Antonio, Texas 78201
Telephone: (210) 734-3599
Telecopier: (210) 785-0806

By: /s/ Mark Anthony Acuna
MARK ANTHONY ACUÑA
State Bar No. 24064044
ALAN BRAUN
State Bar No. 24054488
ATTORNEYS FOR PLAINTIFF
RODNEY STRAUGHN